COMMONWEALTH *vs.* LEROY ROBERTS. June 14, 1978. 1. The judge did not err in admitting the testimony of the two hospital police officers and the associate director of the hospital to the effect that they had overheard the defendant confess to a hospital social worker that he had beaten the child. That confession was made prior to the first set of Miranda warnings which was given to the defendant, but it is clear from the evidence at the voir dire (as clarified by the judge's questioning of the witness Grow) and from the judge's findings on that evidence that the interrogation of the defendant which took place in the hospital was initiated and conducted by the social worker and not by either of the police officers. See *Commonwealth* v. *Mahnke*, 368 Mass. 662, 676-677 (1975), cert. denied, 425 U.S. 959 (1976). There was no evidence at the voir dire from which the judge could have found that the social worker was acting as the agent or instrument of the police pursuant to a scheme to elicit statements from the defendant. See *Commonwealth* v. *Mahnke*, *supra* at 677-678; *Commonwealth* v. *Storella*, *ante* 310, 313 n.1 (1978); *United States* v. *Hearst*, 412 F. Supp. 880, 882 (N.D. Cal. 1976). Contrast *Evalt* v. *United States*, 359 F.2d 534, 541-542 (9th Cir. 1966); *United States* v. *Brown*, 466 F.2d 493, 495 (10th Cir. 1972). Nor was there any evidence from which the judge could have found

that that confession was the product of physical or psychological coercion exerted by the social worker, the police or anyone else. See *Commonwealth* v. *Mahnke, supra* at 679-680, 680-681. 2. The only argument now advanced as to why the judge should have excluded the defendant's second confession (given at a police station following a further set of Miranda warnings) is that the defendant had already let the cat out of the bag during the course of his earlier confession at the hospital. See *Commonwealth* v. *Mahnke, supra* at 682-683, 686-687, 698-700; *Commonwealth* v. *Haas*, 373 Mass. 545, 554-555 (1977). Passing the question whether there was any evidence at the voir dire which would have supported any such theory (the defendant did not testify), we conclude that the argument falls for lack of a predicate because the earlier confession was properly admitted. 3. As there was no evidence introduced at the trial from which it could have been inferred that either confession had been coerced or involuntarily made, the judge was not required to instruct the jury on his own motion that they should ignore the confessions unless they should be satisfied that the confessions had been voluntarily made. The bill of exceptions simply fails to indicate that voluntariness was made an issue before the jury. Compare *Commonwealth* v. *Pratt*, 360 Mass. 708, 714 (1972). Contrast *Commonwealth* v. *Harris*, 371 Mass. 462, 466, 470-471, 472 (1976). 4. No other question has been argued.

*Exceptions overruled.*

The case was submitted on briefs.

*J. Russell Hodgdon* for the defendant.

*Garrett H. Byrne*, District Attorney, for the Commonwealth.