COMMONWEALTH *vs.* DAVID BREAULT. October 1, 1980. 1. The defendant claims that the judge erred in failing sua sponte (see *Commonwealth* v. *Harris,* 371 Mass. 462, 470-471 [1976]) to instruct the jury to consider the voluntariness of an admission. After a voir dire hearing the judge had made an initial determination that the admission was made voluntarily and would be admissible in evidence. We need not concern ourselves with whether the "humane practice" applies to admissions as well as confessions (see *Commonwealth* v. *Garcia,* 379 Mass. 422, 432-434 [1980]; see *Commonwealth* v. *Vick,* 381 Mass. 43, 45-46 [1980]) because there was no evidence before the jury from which it could have been inferred that the admission was not voluntary. It was thus not a live issue at trial, and the judge was not required to instruct the jury on his own that, if they should find the admission to have been involuntarily made, they should disregard it. *Commonwealth* v. *Alicea,* 376 Mass. 506, 522-523 (1978). *Commonwealth* v. *Cole,* 380 Mass. 30, 40-41 (1980). *Commonwealth* v. *Roberts,* 6 Mass. App. Ct. 891 (1978).

2. The defendant's claim that the judge erred in failing to strike a comment made by the prosecuting attorney in his closing argument "at-

tacking the integrity of defense counsel's examination of a defense witness" is without merit. The questioned comment was directed to the truthfulness of the witness, not the integrity of counsel. See *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 422 (1978).

*Judgments affirmed.*

*Brownlow M. Speer* for the defendant.

*William E. Loughlin,* Assistant District Attorney, for the Commonwealth.